UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC.,<br><br>501 Front Street<br>Norfolk, VA 23510<br><br>    Plaintiff<br><br>        v.<br><br>THE UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>200 Independence Way, S.W.<br>Washington, D.C. 20201,<br><br>    Defendant. | Case No. |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1. This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, challenging the National Institutes of Health's (NIH) unlawful withholding of records related to top agency officials' correspondence discussing experiments performed on infant rhesus macaques at the NIH's facility in Poolesville, Maryland. Plaintiff People for the Ethical Treatment of Animals, Inc. (PETA) is seeking records that would illuminate the public's understanding of these torturous taxpayer-funded experiments that went on for over thirty years.

**Jurisdiction and Venue**

2. This Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. 1331, 5 U.S.C. § 552(a)(4)(B), and 5 U.S.C. § 552(a)(6)(c)(i).

3. Venue is proper in this district pursuant to 28 U.S.C. 1391 and 5 U.S.C. § 552(a)(4)(B).

## Parties

4. PETA is a Virginia non-stock corporation and animal protection charity pursuant to Section 501(c)(3) of the Internal Revenue Code, with its headquarters located at 501 Front Street, Norfolk, Virginia 23510. PETA is dedicated to protecting animals from abuse, neglect, and cruelty. A central tenet of PETA's mission is to expose neglect and abuse to animals used in experimentation. PETA is the requester of the information at issue in this case.

5. Defendant Department of Health and Human Services (HHS) is an agency of the United States. The NIH is a component of HHS. The NIH has possession, custody, and control of the records that PETA seeks.

## Statement of Facts

6. On July 6, 2016, PETA sent a FOIA request to the NIH. PETA requested, "For the period covering May 1, 2014 to July 31, 2014… all e-mails sent and/or received by Francis Collins and/or Kathy Hudson regarding maternal deprivation experiments conducted on rhesus macaques at the NIH's facility in Poolesville, Maryland. This request includes all e-mails, dated May 1, 2014 to July 31, 2014, that were sent or received by Francis Collins at his francis.collins@gmail.com e-mail address and by Kathy Hudson at her kathylynnhudson@gmail.com e-mail address that discuss these experiments, as well as any other private e-mail addresses that Francis Collins and/or Kathy Hudson used during this time period to communicate regarding these experiments."

7. At all relevant times, Francis Collins and Kathy Hudson were NIH employees who used their personal email addresses, francis.collins@gmail.com and kathylynnhudson@gmail.com, respectively, for official NIH correspondence, including

regarding maternal deprivation experiments conducted on rhesus macaques at the NIH's facility in Poolesville, Maryland.

8. On July 15, 2016, the NIH acknowledged receipt of PETA's NIH FOIA request and assigned it NIH FOIA Request No. 45267 (hereinafter, "the FOIA Request").

9. Having received no documents within the statutory period for a response, 5 U.S.C. § 552(a)(6)(A), on January 9, 2017, PETA requested a status update on the FOIA Request. The NIH responded that the request was "still pending review."

10. On February 13, 2017, PETA again requested a status update and an estimated date of response for the FOIA Request. On February 23, 2017, the NIH provided PETA with a "partial response" to the FOIA Request, and advised that "there are quite a few records that still need to be reviewed and released for this request." This partial response contained only emails sent to or from official NIH accounts, not emails sent to or from francis.collins@gmail.com or kathlynnhudson@gmail.com, nor any other personal accounts of Francis Collins or Kathy Hudson, as requested.

11. On April 19, 2017, PETA requested yet another status update on the FOIA Request. The NIH responded that it "still [had] yet to completely review the records that are responsive to [PETA's] request" and that it would "be fully reviewed" and a "final letter" would "be sent to [PETA] along with whatever records are releasable."

12. One month later, on May 18, 2017, PETA requested a status update and an estimated date of completion for the FOIA Request. The NIH provided neither, responding that it "still [had] yet to completely review the records that are responsive to [PETA's] request." PETA sent an email clarifying that this meant the agency "still [could not] provide an estimated completion date." The NIH response read, "[Y]ou have understood correctly."

13. Finally, on June 14, 2017, over 11 months since PETA sent the FOIA Request, PETA again asked the NIH for an estimated response date. The NIH responded that it could not "determine an estimated date of completion for [PETA's] case."

14. As of the filing of this Complaint, PETA has not received a final determination and response from the NIH with regard to the FOIA Request.

15. Pursuant to 5 U.S.C. § 552(a)(6)(C)(i), PETA is deemed to have exhausted its administrative remedies with regard to the FOIA Request because the agency has failed to comply with the statutory time limit for a determination.

### Count 1: Violation of FOIA – Unreasonable Withholding of Records

16. PETA re-alleges and incorporates by reference the allegations in each of the preceding paragraphs of this Complaint.

17. Defendant has violated FOIA by unreasonably withholding records responsive to the FOIA Request and failing to comply with the statutory time limit. 5 U.S.C. § 552(a)(6)(A).

18. PETA is entitled to an order requiring the immediate processing and release of the requested documents. 5 U.S.C. § 552(a)(4)(B).

### Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Declare that Defendant's failure to comply with FOIA is unlawful;
2. Enjoin Defendant from continuing to withhold the agency records responsive to the FOIA Request without further delay;
3. Order Defendant to produce any agency records improperly withheld from PETA;
4. Maintain jurisdiction over this action until Defendant complies with FOIA and all orders of this Court;

5. Award Plaintiff its attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E)(i); and

6. Grant Plaintiff such other and further relief as the Court may deem just and proper.

Date:  July 14, 2017                                  Respectfully submitted,

/s/ John Seber
John Seber (DC Bar No. 1031082)
PETA Foundation
1536 16th Street N.W.
Washington, DC 20036
Tel.: 202-483-7382
Fax: 202-540-2208
johns@petaf.org

*Attorney for Plaintiff*